David W. Affeld, SBN 123922
Brian R. England, SBN 211335
AFFELD ENGLAND & JOHNSON LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (310) 979-8700
Facsimile: (310) 979-8701

Attorneys for Plaintiff Phantom Bikes, Inc.

*Additional counsel of record listed on following page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PHANTOM BIKES, INC.

Plaintiff,

v.

MATSUNICHI DIGITAL USA INC., et al.

Defendants.

Case No. 8:24-cv-02200-CV-DFM

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

TUCKER ELLIS LLP
Steven E. Lauridsen (SBN 246364)
Helena Guye (SBN 350417)
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409
steven.lauridsen@tuckerellis.com
helena.guye@tuckerellis.com

ARCH & LAKE LLP
Peter J. Curtin (Pro Hac Vice)
203 N LaSalle Street, Suite 2100
Chicago, IL 60601
Telephone: 312.558.1368
Facsimile: 312.614.1873
pete_curtin@archlakelaw.com

Attorneys for Defendants
MATSUNICHI DIGITAL USA INC.
and PHANTOM E-MOTO INC.

William A. Delgado (SBN 222666)
wdelgado@dtolaw.com
DTO LAW
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION

**1. GENERAL**

1.1 Purposes and Limitations. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 Good Cause Statement.

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials,

to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. To adequately protect information the parties are entitled to keep confidential and to prevent competitive harm, two tiers of confidentiality designations—"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"—are required. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 Action: this pending federal lawsuit, *Phantom Bikes, Inc. v. Matsunichi Digital USA Inc., et al.,* Case No. 8:24-cv-02200-CV-DFM.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. As a general guideline, "CONFIDENTIAL" information is material that a Producing Party reasonably believes to constitute or include information that is not known or freely accessible to the general public in the categories of (1) confidential and technical information, (2) financial information, (3) personal information, or (4) information furnished to it in confidence by any third party.

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information and Items: information (regardless of how it is generated, stored or maintained) or tangible things or the portion thereof that a Designating Party

reasonably and in good faith believes qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement, and also that have significant competitive value such that disclosure to others would create a risk of injury or competitive harm to the Designating Party. Examples of information that could be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY include, but may not be limited to, sales volumes, sales units, cost of goods sold, price structures, discounts, business costs, profits, margins, marketing strategies, competitive business plans, contracts, corporate planning documents, strategic planning documents, product design information, manufacturing information, and documents that reveal market or customer analyses, competitive strategy, trade secrets, and/or the identity of customers. There is a particularized need for information in each of these categories to be covered by the Order in order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and is not, at the time of such

retention, an employee of any Party or reasonably anticipated to become an employee of any Party.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12 Party: any party to this Action and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted

from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. However, this Order will not govern the use of Protected Material at trial.

Once a case proceeds to trial, all of the court-filed information actually introduced at trial that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as applied to Protected Material actually introduced at trial. The terms of this protective order will remain in effect for all other Protected Material so long as it is retained by the Receiving Party.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for the designated protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or the legend

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, hearings, or in other pretrial proceedings, that the Designating Party identifies all protected testimony on the record, before the close of the deposition, hearing, or pretrial proceeding. When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded), or within 7 days of the conclusion of the deposition, hearing, or other proceeding, a right to have up to 30 days after receipt of the final transcript of the deposition, hearing, or other proceeding to identify the specific portions of the testimony as to which protection is sought. Once invoked, the

entire transcript will be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the conclusion of the 30-day period. Only these portions of the testimony that are appropriately designated for protection within the 30 days of receipt of the transcript shall be thereafter covered by the provisions of this Stipulated Protective Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Challenge Procedure. Any challenge to a confidentiality designation will proceed according to the applicable Local Rules and judge's or magistrate judge's procedures.

6.3 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and for whom approval has been received according to the procedure set forth in Section 7.3;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, deponents, if it appears that (i) the witness authored or received a copy of the Protected Material; (ii) is currently, or was at the time the Protected Material was generated, employed by or otherwise retained to perform work for the Designating Party, an officer or 30(b)(6) designee for the Designating Party, or an Expert for the Designating Party; or (iii) is approved by the Designating Party to receive the information; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to any person whom the Receiving Party may disclose CONFIDENTIAL Information or Items under Sections 7.2(a) and (c)–(i).

7.4 Deposition Attendees. Whenever information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order is to be discussed by a Party or disclosed in a deposition, hearing, or pre-trial proceeding, the Designating Party may exclude from the room any person, other than persons designated in Sections 7.2 and 7.3, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

7.5 Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to Experts.

(a) The right of any independent Expert, and of any employees of such Expert reasonably necessary to assist the Expert in this litigation, to receive any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" information will be subject to the advance approval of such Expert by the Producing Party or by permission of the Court. In advance of providing any confidential information of the Producing Party to the Expert, the party seeking approval to disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" information to an independent Expert must provide the Producing Party with a notice ("Notice") that: (i) sets forth the full name, business title, and business address of the expert; (ii) attaches a copy of the expert's current resume; (iii) identifies any previous or current business relationship with any of the parties; (iv) identifies (by case name and case number) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past four (4) years; and (v) attaches an executed copy of the Acknowledgement and Agreement to Be Bound form attached hereto as Exhibit A. If the expert believes any of this information in (iii) or (iv) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the Expert shall be available to meet and confer with the Designating Party regarding any such confidentiality obligations.

(b) Any objection ("Objection") by the Producing Party to an independent Expert receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" information as described in Section 7.5(a) must be made in writing within fourteen (14) calendar days following receipt of the

identification of the proposed Expert. A Party that makes a timely written objection ("Objecting Party") must meet and confer by phone or video conference with the Disclosing Party to try to resolve the matter by agreement within fourteen (14) calendar days of the written objection. The approval of independent Experts must not be unreasonably withheld.

(c) If the parties are unable to resolve an Objection within ten (10) calendar days, the Objecting Party may schedule an informal discovery conference pursuant to the Magistrate Judge's stated procedures for a Pre-Discovery Motion Conference to resolve the Objection. The Objecting Party shall have the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Disclosing Party's need to disclose the Protected Material to its Expert.

(d) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to an independent Expert if ten (10) calendar days from receipt of the Notice have passed and an Objection has not been made or ten (10) calendar days from receipt of the Objection have passed and the Objecting Party has not notified all parties of scheduling an informal discovery conference to resolve the Objection.

(e) Unless the Objecting Party has waived or withdrawn the confidentiality designation, the material in question shall not be disclosed to the relevant expert until the Court rules on the Objection.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a discovery request, subpoena, or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the discovery request, subpoena, or court order;

(b) promptly notify in writing the party who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party fails to file a motion for, or otherwise request from the court, a protective order within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Designating Party's confidential information responsive to the discovery request, subpoena, or court order, with appropriate confidentiality designations. Nothing in this provision shall abrogate any other order protecting the disclosure of the Designating Party's confidential information.

If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the discovery request, subpoena, or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party or order not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested or order governing the requested information; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party or order governing the requested information before a determination by the Court. Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 The inadvertent production of information that is subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege that protects such material from is not a waiver of the attorney-privilege, or work-product doctrine, or other applicable privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

11.2 If a Party through inadvertence produces or provides Disclosure or Discovery Material which it believes is subject to a claim of an applicable privilege, the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material is subject to a claim of privilege and request that it be returned to the Producing Party. Such written request should specifically identify the protected document by Bates number (or, if the document was not produced with a Bates

number, by specifying the date, author, addressees, and topic of the relevant document(s)) and provide a brief explanation substantiating the claim of privilege.

11.3 If a Producing Party or Non-Party requests the return, pursuant to this paragraph, of any Disclosure or Discovery Material, the Receiving Party shall not use or disclose, and shall return to the Producing Party all copies of such Disclosure or Discovery Material or confirm that all copies have been destroyed within five (5) business days of receipt of the written request. Return of the Disclosure or Discovery Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Disclosure or Discovery Material is, in fact, properly subject to a claim of privilege, nor shall it foreclose any Party from moving the court for an order that such Disclosure or Discovery Material has been improperly designated for reasons other than a waiver caused by the inadvertent production. A Producing Party may not unnecessarily delay making a request for the return of inadvertently produced materials in a way that prejudices the Receiving Party ability to prepare its case

11.4 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Any claim of privilege or protection is not waived by disclosure connected with this Action pursuant to Federal Rule of Evidence 502(d).

11.5 When a Producing Party gives notice to the Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, members of the Receiving Party shall not review such material. However, if the Receiving Party moves the Court for an order that such information or material has been improperly designated or that the privilege has been waived, the Receiving Party may request *in camera* review of the information or material. If the Court renders a decision on the claim of privilege upholding the privilege, the Receiving Party must destroy the record and confirm such destruction to the Producing Party within five (5)

business days. If the Court rules the alleged Disclosure or Discovery Material is not privileged, the Receiving Party may use the Disclosure or Discovery Material for any reason, subject to the provisions of this Order.

11.6 The Producing Party must, within five (5) business days of the claw back, provide a privilege log of all documents that it clawed back, regardless of the date of those documents.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. USE OF ARTIFICIAL INTELLIGENCE AND LARGE LANGUAGE MODELS

13.1 A Receiving Party shall not load, import, submit, or otherwise transfer documents or data produced by the Producing Party to any non-confidential Large Language Model ("LLM") or Artificial Intelligence ("AI") platform, and shall not use

data produced by the Producing Party to train AI systems or platforms. The only exceptions to this are AI platforms with acceptable industry standards as to the following security requirements:

(a) Independent Security Certification: The platform must maintain appropriate security controls, data confidentiality protections, and system reliability standards;

(b) No Training for Purposes of Vendor Model Improvement or Foundation Model Training on User Data: Producing Party data will not be used to train or improve any vendor or third-party foundation models or models used for the benefit of other customers. Case-specific analytics and predictive coding within an eDiscovery matter are permitted, provided outputs/models are not shared across clients/matters except as authorized;

(c) Data Isolation: The platform must ensure data privacy through isolation at the organization, user, and workflow levels, with logical tenant/workspace isolation, role-based access control ("RBAC"), and controls designed to prevent unauthorized cross-tenant access, supported by independent audits (SOC Type II / ISO 27001 or equivalent);

(d) Encryption Standards: The platform must employ encryption in transit (TLS 1.2+ or better) and encryption at rest (AES-256 or equivalent), with industry-standard key management. Customer-managed keys may be used where available;

(e) Secure Infrastructure: The AI platform must maintain secure cloud infrastructure that meets or exceeds industry best practices for legal technology.

## 14. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected

Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**14. VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 18, 2026

Douglas F. McCormick
United States Magistrate Judge

Dated: November 12, 2026

AFFELD ENGLAND & JOHNSON LLP

By: *DRAFT*
Brian R. England

Attorneys for Plaintiff
PHANTOM BIKES, INC

Dated: November 12, 2026

ARCH & LAKE LLP

By: *DRAFT*
Peter J. Curtin

Attorneys for Defendants
MATSUNICHI DIGITAL USA INC. and
PHANTOM E-MOTO INC.

Dated: November 12, 2026

DTO LAW

By: *DRAFT*
William A. Delgado

Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________ [**full name**], of _________________ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ____________ [**date**] in the case of *Phantom Bikes, Inc. v. Matsunichi Digital USA Inc., et al.*, Case No. 8:24-cv-02200-CV-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________ [**full name**] of _______________________________________ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where signed: _________________________________

Printed name: _______________________________

Signature: __________________________________